Russell S. Thompson IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brent Larson, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>Online Information Services, Inc.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiff Brent Larson ("Plaintiff") brings this putative class action complaint against Defendant Online Information Services, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, on behalf of himself and all others similarly situated.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### THE TELEPHONE CONSUMER PROTECTION ACT

4. Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims v. Arrow Fin. Servs. LLC*, 132 S.Ct. 740, 745 (2012).

5. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

6. "Artificial or prerecorded messages . . . were believed to have heightened intrusiveness because they are unable to 'interact with the customer except in preprogrammed ways.'" *Missouri ex rel. Nixon v. American Blast Flax, Inc.,* 323 F.3d 649 (8th Cir. 2003) (citing S.Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

### PARTIES

7. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Tempe.

8. Defendant is a for-profit company headquartered at 685 W. Fire Tower Road, Winterville, NC 28590.

**FACTUAL ALLEGATIONS**

9. Plaintiff is subscribed to a cellular telephone service and has been assigned to a wireless number in connection with such subscription.

10. Plaintiff subscribed to the cellular telephone service for his daughter so that he and Plaintiff's mother could reach her in an emergency.

11. On or before May 6, 2015, Defendant began placing calls to Plaintiff's daughter's cell phone in connection with collection of an alleged debt in default.

12. On May 6, 2015 at 7:06 AM, Defendant called Plaintiff's wireless phone number and left the following message:

> Hello, this is a message from Online Information Services. This communication is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. Please call 800-765-5794. Once again that number is 800-765-5794.

13. Defendant placed additional telephone calls to Plaintiff's wireless number including, but not limited to, the following dates and approximate times:

   1) June 12, 2015 at 7:13 A.M.; and,
   2) June 26, 2015 at 7:09 A.M.

14. During the above referenced times, Defendant left identical voicemail messages to the one on May 6, 2015 using an artificial or prerecorded voice.

15. Plaintiff's daughter's outgoing voicemail greeting was recorded when she was 10 years old and would indicate to a reasonable person that the called party was a young child and not a debtor.

16. Upon information and belief, Defendant was calling in effort to collect a debt allegedly owed by an individual other than Plaintiff.

17. Defendant placed some of the calls to Plaintiff before 8:00 AM.

18. Upon information and belief, Defendant placed all of the telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing.

19. Defendant did not place any calls to Plaintiff's wireless number for emergency purposes.

20. Defendant did not have Plaintiff's prior express consent to place any calls to Plaintiff's wireless number.

21. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place the telephone calls.

22. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place the telephone calls.

23. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number, which may reveal the existence of additional violations beyond those pleaded above.

**CLASS ALLEGATIONS**

24. Plaintiff repeats and re-alleges all factual allegations above.

25. Upon information and belief, Defendant routinely dials the cellular telephone lines of individuals using an artificial or prerecorded voice while attempting to collect alleged debts, in the same manner as Defendant did with Plaintiff above.

26. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> Every individual in the United States to whom Defendant, in the four years prior to the filing of this complaint, placed a call to an individual's wireless number using an automatic telephone dialing system and/or an artificial or prerecorded voice in an attempt to reach a person other than the current subscriber.

27. The proposed class specifically excludes the United States of America, the State of Arizona, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

28. The class is averred to be so numerous that joinder of members is impracticable.

29. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

30. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

31. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular

to the matters at issue; (b) Defendant's violations of the TCPA; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

32. The claims of Plaintiff are typical of the claims of the class he seeks to represent.

33. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

34. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

35. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

36. Plaintiff is willing and prepared to serve this Court and the proposed class.

37. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

38. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

39. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

40. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

41. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

42. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

43. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are

unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

44. Plaintiff repeats and re-alleges each and every factual allegation above.

45. The TCPA prohibits all calls made to a cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice, except for calls made for emergency purposes or made with the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

46. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

47. Furthermore, Defendant willfully or knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) because it intended to place such calls.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

   b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) with respect to Plaintiff and the class he seeks to represent;

c) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

d) Awarding Plaintiff and the class he seeks to represent statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff and the class he seeks to represent treble damages, pursuant to 47 U.S.C. § 227(b)(3);

g) Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to Rule 23;

h) Awarding Plaintiff and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

i) Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

48. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 15, 2016

Respectfully submitted,

s/ Russell S. Thompson IV
Russell S. Thompson IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898

866-317-2674 facsimile
rthompson@consumerlawinfo.com

Attorney for Plaintiff